1  GRANT P. FONDO
   *GFondo@goodwinlaw.com*
2  **GOODWIN PROCTER LLP**
   601 Marshall Street
3  Redwood City, California 94063
   Tel.: +1 650 752 3100
4  Fax: +1 650 853 1038

5  HAYES P. HYDE
   *HHyde@goodwinlaw.com*
6  **GOODWIN PROCTER LLP**
   Three Embarcadero Center
7  San Francisco, California 94111
   Tel.: +1 415 733 6000
8  Fax: +1 415 677-9041

9  JAMES NIKRAFTAR
   *JNikraftar@goodwinlaw.com*
10 **GOODWIN PROCTER LLP**
   520 Broadway, Suite 500
11 Santa Monica, California 90401
   Tel.: +1 424 252-6400
12 Fax: +1 424 252-6401

13 Attorneys for Petitioner
   NORMAN INTERTRADE LTD.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NORMAN INTERTRADE LTD., | Case No. 5:24-cv-2422 |
| Petitioner, | **UNOPPOSED NOTICE OF PETITION AND PETITION TO CONFIRM FOREIGN FINAL ARBITRATION AWARD AND ENTER JUDGMENT THEREON** |
| v. | |
| BON-WOONG KOO; and THE ESTATE OF CHA-HONG KOO, | |
| Respondents. | |

# NOTICE OF PETITION

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that on _____ ___, 2024, at __:__ a.m./p.m., or as soon thereafter as counsel may be heard in the courtroom of Honorable _____, located in the United States Courthouse, 280 South 1st Street, Room 2112, San Jose CA 95113, Norman Intertrade Ltd. ("Norman Intertrade") will and hereby does petition this Court to:

1. Confirm the Consent Award issued by Patricia Peterson, the Sole Arbitrator in Arbitration No. 204715 under the LCIA Arbitration Rules on April 30, 2021 which resolved said case in all respects;

2. Enter judgment in conformity therewith; and

3. Award such other relief as this Court deems just and proper.

This Court has jurisdiction over this matter pursuant to 9 U.S.C. §§ 201, 203 and 28 U.S.C. § 1331 because this matter concerns the confirmation of a foreign arbitral award involving a non-US citizen.

Venue is proper under 28 U.S.C. § 1391(b) and under 9 U.S.C. § 204 because Bon-Woong Koo, as an individual as well as the representative of the estate of Cha-Hong Koo, is domiciled in Los Altos, California.

This Petition is based on this Notice of Petition, the Petition and the Memorandum in support thereof, the Declaration of Hayes P. Hyde and the exhibits thereto filed concurrently herewith, all other matters of which the Court may take judicial notice, and any argument or evidence that may be presented to or considered by the Court prior to its ruling.

Dated: April 23, 2024            **GOODWIN PROCTER LLP**

By: */s/ Grant P. Fondo*
Grant P. Fondo
*GFondo@goodwinlaw.com*
Hayes P. Hyde
*HHyde@goodwinlaw.com*
James Nikraftar
*JNikraftar@goodwinlaw.com*

Attorneys for Petitioner
NORMAN INTERTRADE LTD.

1. Petitioner Norman Intertrade Ltd. ("Norman Intertrade") petitions this Court pursuant to 9 U.S.C. § 207 to confirm the Consent Award issued on April 30, 2021 in favor of Norman Intertrade and against Respondents Bon-Woong Koo and the estate of Cha-Hong Koo (the "Koo Parties" and together with Norman Intertrade, the "Parties"), and to have judgment entered against the Koo Parties. The Koo Parties do not oppose this Petition and the entry of judgment confirming the Consent Award. In support of this Petition, Norman Intertrade relies upon the Notice of Motion to Confirm the Foreign Final Arbitration Award and Enter Judgment Thereon, Memorandum of Law in Support of the Petition to Confirm the Final Arbitration Award and Enter Judgment Thereon, the Declaration of Hayes P. Hyde ("Hyde Decl.") and the exhibits attached thereto, filed concurrently herewith.

## I. INTRODUCTION

2. This action arises under the Federal Arbitration Act (the "FAA") 9 U.S.C. §§ 1, *et seq*. and Chapter 2 thereof, 9 U.S.C. § 201 *et seq*., which implements the 1958 Convention on the Recognition and Enforcement of Foreign Arbitral Awards (the "Convention"). Norman Intertrade asks this Court to confirm and enter judgment upon a Consent Award issued by Patricia Peterson, the Sole Arbitrator in Arbitration No. 204715 under the LCIA Arbitration Rules on April 30, 2021 (the "Consent Award"), who was duly appointed to resolve a dispute between Norman Intertrade and the Koo Parties. Hyde Decl. at 2, Ex. 1.

## II. THE PARTIES

3. Norman Intertrade is a private limited company incorporated under the laws of the British Virgin Islands and having its registered office at Trident Chambers, PO Box 146, Road Town, Tortola, British Virgin Islands. Its principal place of business is in Ukraine.

4. Bon-Woong Koo is a national of Korea and presently resides in Los Altos, California 94022 in the United States of America.

5. The estate of the late Cha-Hong Koo is administered by Bon-Woong Koo.

## III. JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction pursuant to 9 U.S.C. §§ 201, 203 and 28 U.S.C. § 1331.

7. This Court has personal jurisdiction over Bon-Woong Koo because he is a resident of the Northern District of California.

8. The Court has personal jurisdiction over the Estate of Cha-Hong Koo because, prior to his death and during the course of the arbitration, Cha-Hong Koo was a resident of the Northern District and his minimum contacts with the state survive him. See *Hartog v. Jots, Inc.*, 2004 WL 2663197 (N.D.Cal. Jan.9, 2004) ("If a decedent has minimum contacts with a forum state, then so too does his estate.").

9. Similarly, venue is proper under 28 U.S.C. § 1391(b) and under 9 U.S.C. § 204 because the Koo Parties are domiciled in this District.

## IV. FACTUAL BACKGROUND

10. The arbitration between Norman Intertrade and the Koo Parties resolved a dispute related to (1) a Promissory Loan Agreement, dated May 24, 2019 (the "Loan Agreement") and a (2) Deed of Guarantee and Indemnity, of even date therewith (the "Guarantee"). Hyde Decl. at 3-4, Exs. 2, 3.

11. Norman Intertrade initiated the arbitration proceedings with LCIA Worldwide Arbitration and ADR pursuant to Section 6.09 of the Guarantee on April 22, 2020. Hyde Decl. at 7.

12. Patricia Peterson served as the sole arbitrator. Hyde Decl. at 1, Ex. 1.

13. On April 30, 2021, Ms. Peterson issued her Consent Award (the "Consent Award"). *Id.*

14. The Consent Award held that:

> The Respondents are ordered jointly and severally to pay to the Claimant the sum of USD 2,190,063.00, which amount includes the Claimant's Legal Costs and Arbitration Costs with respect to this Arbitration.
>
> The Respondents are ordered jointly and severally to pay to the Claimant post-award interest on the amount set out in paragraph 12 of this Consent Award at the simple rate of 18% per annum with "Actual/360" day count convention from the date of this Consent Award until the full payment of the amount set out in paragraph 12 of this Consent Award.
>
> The Respondents are ordered to pay the amount set out in paragraph 12 of this Consent Award in instalments and by or on the dates set out in the schedule attached to this Consent Award (the "Schedule", each such date referred to herein as a

"Payment Date") together with the post-award interest accrued in accordance with paragraph 13 of this Consent Award on each Payment Date. All payments made by the Respondents under this Consent Award shall be applied first to post-award interest accrued in accordance with paragraph 13 of this Consent Award, and second to the amount set out in paragraph 12 of this Consent Award.

Hyde Decl., Ex. 1, §§ 12-14.[1]

15. The Koo Parties have paid Norman Intertrade nine of the ten payments owed under the Consent Award. On February 1, 2022, the tenth payment of $295,295 was due and owing but the Koo Parties failed to make the payment. Hyde Decl. at 5-6, Ex. 4 (notifying B. Koo of the delinquency), Ex. 5 (B. Koo acknowledging the debt). The Koo Parties have still not made the tenth payment, and remain obligated to pay an outstanding principal amount of $215,613.79, plus applicable interest up to the date of payment based on a "simple rate of 18% per annum with 'Actual/360' day count convention."

16. As of the date of this Petition, the Koo Parties owe $87,539.20 in applicable interest, for a total amount owed of $303,152.99 as of the date of this filing.[2]

## V. PETITIONER IS ENTITLED TO RELIEF

17. Pursuant to 9 U.S.C. § 207, Norman Intertrade is entitled to confirmation of the Consent Award and entry of judgment in conformity with it.

18. Pursuant to said Consent Award, Norman Intertrade is owed $303,152.99 as of the date of this filing.

///

///

///

///

///

///

---

[1] "Respondents" refer to the Koo Parties. "Claimant" refers to Norman Intertrade.
[2] The total accrued interest was calculated in accordance with the Consent Award by dividing the annual interest rate of 18% by 360 to obtain a daily interest rate of 0.050%. The daily interest rate was then multiplied by the number of days between the Consent Award date of April 30, 2021 and the date of this filing. The amount of pre-paid interest was then subtracted from that total to obtain a total outstanding interest owed amount.

19. The Koo Parties do not oppose confirmation of the Consent Award and entry of judgment in conformity with it. Hyde Decl., Ex. 6.

Dated: April 23, 2024                    **GOODWIN PROCTER LLP**

By: */s/ Grant P. Fondo*
Grant P. Fondo
*GFondo@goodwinlaw.com*
Hayes P. Hyde
*HHyde@goodwinlaw.com*
James Nikraftar
*JNikraftar@goodwinlaw.com*

Attorneys for Petitioner
NORMAN INTERTRADE LTD.

4

UNOPPOSED PETITION TO CONFIRM                    CASE NO. 5:24-cv-2422