1  GRANT P. FONDO
   GFondo@goodwinlaw.com
2  **GOODWIN PROCTER LLP**
   601 Marshall Street
3  Redwood City, California 94063
   Tel.: +1 650 752 3100
4  Fax: +1 650 853 1038

5  HAYES P. HYDE
   HHyde@goodwinlaw.com
6  **GOODWIN PROCTER LLP**
   Three Embarcadero Center
7  San Francisco, California 94111
   Tel.: +1 415 733 6000
8  Fax: +1 415 677-9041

9  JAMES NIKRAFTAR
   JNikraftar@goodwinlaw.com
10 **GOODWIN PROCTER LLP**
   520 Broadway, Suite 500
11 Santa Monica, California 90401
   Tel.: +1 424 252-6400
12 Fax: +1 424 252-6401

13 Attorneys for Plaintiff
   NORMAL INTERTRADE LTD.
14

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NORMAL INTERTRADE LTD., <br><br> Petitioner, <br><br> v. <br><br> BON-WOONG KOO; and THE ESTATE OF CHA-HONG KOO, <br><br> Respondents. | Case No. 5:24-cv-2422 <br><br> **MEMORANDUM OF LAW IN SUPPORT OF UNOPPOSED PETITION TO CONFIRM FOREIGN FINAL ARBITRATION AWARD AND ENTER JUDGMENT THEREON** |

Petitioner Norman Intertrade Ltd. ("Norman Intertrade") submits this Memorandum of Law in support of its Unopposed Petition to Confirm the Final Arbitration Award and Enter Judgment Thereon (the "Petition"), filed concurrently herewith, seeking to confirm the final arbitration award (the "Consent Award") issued against Respondents Bon-Woong Koo and the estate of Cha-Hong Koo (the "Koo Parties" and together with Norman Intertrade, the "Parties"), pursuant to the Federal Arbitration Act ("FAA") and to have judgment entered against the Koo Parties. The Koo Parties do not oppose the Petition and the entry of judgment confirming the Consent Award.

## FACTS

### I. The Parties

Norman Intertrade is a private limited company incorporated under the laws of the British Virgin Islands with its registered office at Trident Chambers, PO Box 146, Road Town, Tortola, British Virgin Islands. Its principal place of business is in Ukraine. Petition, ¶ 3

Bon-Woong Koo is a Korean national and presently resides in Los Altos, California in the United States of America. Petition, ¶ 4. The estate of the late Cha-Hong Koo is administered by Bon-Woong Koo. Petition, ¶ 5.

### II. The Arbitration Proceedings

The arbitration between Norman Intertrade and the Koo Parties resolved a dispute related to (1) a Promissory Loan Agreement, dated May 24, 2019 (the "Loan Agreement") and a (2) Deed of Guarantee and Indemnity, of even date therewith (the "Guarantee"). Petition, ¶ 10.

Norman Intertrade initiated the arbitration proceedings with LCIA Worldwide Arbitration and ADR pursuant to Section 6.09 of the Guarantee on April 22, 2020. Petition, ¶ 11. Patricia Peterson served as the sole arbitrator. Petition, ¶ 12.

On April 30, 2021, Ms. Peterson issued the Consent Award which held that:

> The Respondents are ordered jointly and severally to pay to the Claimant the sum of USD 2,190,063.00, which amount includes the Claimant's Legal Costs and Arbitration Costs with respect to this Arbitration.

> The Respondents are ordered jointly and severally to pay to the Claimant post-award interest on the amount set out in paragraph 12 of this Consent Award at the simple rate of 18% per annum with "Actual/360" day count convention from the date of this Consent Award until the full payment of the amount set out in paragraph 12 of this Consent Award.

> The Respondents are ordered to pay the amount set out in paragraph 12 of this Consent Award in instalments and by or on the dates set out in the schedule attached to this Consent Award (the "Schedule", each such date referred to herein as a "Payment Date") together with the post-award interest accrued in accordance with paragraph 13 of this Consent Award on each Payment Date. All payments made by the Respondents under this Consent Award shall be applied first to post-award interest accrued in accordance with paragraph 13 of this Consent Award, and second to the amount set out in paragraph 12 of this Consent Award.

Petition, ¶ 14.[1]

The Koo Parties have paid Norman Intertrade nine of the ten payments owed under the Consent Award. The Koo Parties are still obligated to pay a principal amount of $215,613.79, plus applicable interest up to the date of payment based on a "simple rate of 18% per annum with 'Actual/360' day count convention." Petition, ¶ 15. The total accrued interest was calculated in accordance with the Consent Award by dividing the annual interest rate of 18% by 360 to obtain a daily interest rate of 0.050%. The daily interest rate was then multiplied by the number of days between the Consent Award date of April 30, 2021 and the date of this filing. The amount of pre-paid interest was then subtracted from that total to obtain a total outstanding interest owed amount $303,152.99 as of the date of this filing.

## ARGUMENT

### I. The Award Falls Under the New York Convention

This matter involves an international arbitration between a company registered in the British Virgin Islands and two Korean nationals: Messrs. Bon-Woong Koo and the estate of Cha-Hong Koo. In the time period between the issuance of the Consent Award and the Petition, Mr. Cha Hong Koo passed away. Mr. Bon-Woong Koo is resident in the Northern District of California and administers Mr. Cha Hong Koo's estate. Thus the arbitral award is to be confirmed and enforced through the United Nations Convention for the Recognition and Enforcement of Foreign Arbitral Awards (June 10, 1958), 330 U.N.T.S. 38 (the "New York Convention"), which is codified in Chapter 2 of the FAA. *See* 9 U.S.C. § 201 *et seq.* Chapter 2 of the FAA applies to any "arbitral award arising out of a legal relationship, whether contractual or not, which is considered

---

[1] "Respondents" refer to the Koo Parties. "Claimant" refers to Norman Intertrade.

commercial . . . [except that] a relationship which is entirely between citizens of the United States shall be deemed not to fall under the Convention . . . ." 9 U.S.C. § 202.  The Consent Award satisfies the requirements of Chapter 2 of the FAA as it arises out of a commercial legal relationship between two noncitizens of the U.S.

## II.  The Court has Jurisdiction, and Venue is Proper

This Court has subject matter jurisdiction pursuant to 9 U.S.C. §§ 201, 203 and 28 U.S.C. § 1331 as this is a civil action seeking confirmation of an award rendered in an arbitration falling under the New York Convention and FAA, and therefore, arises under the laws and treaties of the United States.

This Court has personal jurisdiction over Bon-Woong Koo because he is a resident of the Northern District of California.  The Court has personal jurisdiction over the Estate of Cha-Hong Koo as well because, prior to his death and during the course of the arbitration, Cha-Hong Koo was a resident of the Northern District and his minimum contacts with the state survive him. *See Hartog v. Jots, Inc.*, 2004 WL 2663197 (N.D.Cal. Jan. 9, 2004) ("If a decedent has minimum contacts with a forum state, then so too does his estate."); Petition, ¶ 8.  Similarly, venue is proper under 28 U.S.C. § 1391(b) under 9 U.S.C. § 204 because the Koo Parties are domiciled in this District. Petition, ¶ 9.

In sum, this Court has subject matter jurisdiction and personal jurisdiction over the Parties, and venue is proper in this District.

## IV.  Confirmation of the Consent Award is Warranted

The Consent Award should be confirmed as a matter of law.  Pursuant to 9 U.S.C. § 207, a court must confirm an arbitral award arising under the New York Convention unless a party resists confirmation and can establish the applicability of one of the narrow grounds for non-recognition under the New York Convention.  *Id.; see also Yusuf Ahmed Alghanim & Sons v. Toys "R" Us, Inc.*, 126 F.3d 15, 19 (2d Cir. 1997). There is a "high standard for vacatur" of an arbitration award based on one of the New York Convention's grounds for non-recognition. *HayDay Farms,* 55 F. 4th at 1240 (quoting *Lagstein v. Certain Underwriters at Lloyd's, London,* 607 F.3d 634, 641 (9th

///

Cir. 2010)).  A court can only vacate an arbitration award if the award "exhibits a manifest disregard of law or is completely irrational." *Id.*

Manifest disregard requires a showing that the arbitrator "understood and correctly stated the law, but proceeded to disregard the same." *Bosack v. Soward*, 586 F.3d 1096, 1104 (9th Cir. 2009) (citations and internal quotations omitted).  And an award is only completely irrational "if it ignores controlling terms of the parties' contract" which means that the Court "must defer to the arbitrator's decision as long as the arbitrator even arguably construed or applied the contract." *HayDay Farms*, 55 F.4th at 1241 (internal citations omitted).

There is no evidence that the arbitrator failed to appropriately apply the provisions of the Guarantee in reaching its judgment as the judgment was reached at the request of the parties following a final settlement of the dispute and submission of a joint request for issuance of a Consent Award (the "Joint Request").  Hyde Decl., Ex. 2, Consent Award at ¶¶ 8, 10.  Indeed, "The Sole Arbitrator  reviewed the Joint Request, including the terms of settlement, and [ ] decided to make a Final Award by Consent recording the terms of the final settlement agreed by the parties, as requested by them in accordance with Article 26.9 of the LCIA Rules (the 'Consent Award')." *Id.* at 11.  The Consent Award, reflecting the Parties agreed-upon terms, states that, "if the Respondents fail to pay any of the amounts due under this Consent Award by or on a Payment Date stated in the Schedule," then Norman Intertrade "shall be entitled, without notice, demand, or any other formalities, too enforce the entire remaining amount . . . and post-award interest . . . in any jurisdiction."

The Koo Parties have never disputed the Joint Request, nor raised any ground for non-confirmation of the Consent Award or asserted any claims that the Consent Award reflected a manifest disregard of the law or was completely irrational. Moreover, pursuant to  the express terms of the Consent Award, the Koo Parties have made the first nine of ten payments owed to Norman Intertrade.]  The tenth payment was due and owing as of February 1, 2022, but has yet to be paid.  Further, the Koo Parties have fully acknowledged they owe this tenth payment.  Petition, ¶ 15; Hyde Decl., Ex. 5. The Koo Parties do not oppose the confirmation of the Consent Award and entry

///

of final judgment in conformity with it. Hyde Decl., Ex. 6. Therefore, under settled law, the Consent Award must be confirmed.

## CONCLUSION

For the foregoing reasons, Norman Intertrade respectfully requests that the unopposed Petition be granted, and that the Consent Award be confirmed and judgment be entered thereupon in favor of Norman Intertrade.

Dated: April 23, 2024

**GOODWIN PROCTER LLP**

By: */s/ Grant P. Fondo*
Grant P. Fondo
*GFondo@goodwinlaw.com*
Hayes P. Hyde
*HHyde@goodwinlaw.com*
James Nikraftar
*JNikraftar@goodwinlaw.com*

Attorneys for Plaintiff
NORMAN INTERTRADE LTD.