# EXHIBIT 1

# EXHIBIT 1

**IN THE MATTER OF AN INTERNATIONAL ARBITRATION**

**UNDER THE LCIA ARBITRATION RULES 2014**

**LCIA CASE NO. 204715**

**NORMAN INTERTRADE LTD.**

as Claimant

*vs.*

**CHA-HONG KOO**

as Respondent-1

and

**BON-WOONG KOO**

as Respondent-2

Referred to herein individually as a "**Party**" and collectively as the "**Parties**"

---

**CONSENT AWARD**

---

Seat of Arbitration: London, England

**Arbitral Tribunal:**
Patricia Peterson, Sole Arbitrator

30 April 2021

**BACKGROUND AND PROCEDURAL HISTORY:**

1. The above-captioned arbitration No. 204715 (the "**Arbitration**") is an arbitration under the LCIA Rules in effect from 1 October 2014 (the "**LCIA Rules**").

2. Details of the Parties are as follows:

    (a) Claimant – **Norman Intertrade Ltd.**, a company incorporated in the British Virgin Islands under registered number 1613261 and having its registered office at Trident Chambers, PO Box 146, Road Town, Tortola, British Virgin Islands;

    (b) Respondent 1 – **Mr Cha-Hong Koo**, national of Korea, ID No. 461211-1068317, date of birth 11 December 1946, residing at 435 Tasso Street, Palo Alto, CA, 94301, USA; and

    (c) Respondent 2 – **Mr Bon-Woong Koo**, national of Korea, ID No. 791211-1023218, date of birth 11 December 1979, residing at 243 Angela Drive, Los Altos, CA 94022 USA.

3. By a Request for Arbitration dated 22 April 2020, the Claimant requested arbitration of the dispute against Respondent-1 and Respondent-2 (together the "**Respondents**") pursuant to Section 6.09 of the Deed of Guarantee and Indemnity, dated 24 May 2019.

4. On 2 July 2020 the Respondents filed their joint Response to the Claimant's Request for Arbitration.

5. By a letter dated 17 July 2020, the LCIA informed the Parties that Ms Patricia Peterson was appointed as the Sole Arbitrator in the Arbitration (the "**Sole Arbitrator**" or the "**Tribunal**").

6. On 15 September 2020 the Sole Arbitrator, after holding a case management conference with the Parties on 25 August 2020, issued Procedural Order No. 1, setting out directions as to the procedure of the Arbitration ("**PO No. 1**").

7. In accordance with PO No. 1, the Parties filed the following written submissions in this Arbitration:

    (a) the Claimant filed its Statement of Case on 5 October 2020;

    (b) the Respondents filed their joint Statement of Defence on 13 November 2020; and

    (c) the Claimant filed its Statement of Reply on 8 January 2021.

8. On 30 March 2021 the Sole Arbitrator, following the correspondence between the Parties and after holding a case management conference with the Parties on 5 March 2021, issued Procedural Order No. 2, setting out directions as to the hearing to be held in the Arbitration on 28 and 29 April 2021.

9. By e-mail dated 23 April 2021, the Respondents informed the Tribunal that the Parties had reached a final settlement of the dispute, subject to the making of a Consent Award by the Tribunal, and that the Parties jointly requested the Sole Arbitrator to make a Consent Award substantively in the form set out below pursuant to Article 26.9 of the LCIA Rules (the "**Joint Request**").

10. By e-mail of the same date, 23 April 2021, the Claimant confirmed (i) its agreement with the Joint Request made pursuant to Article 26.9 of the LCIA Rules and (ii) its

agreement to the terms of the draft Consent Award attached to the Joint Request, which it wished to have treated as the Parties' final settlement of this dispute.

11. The Sole Arbitrator has reviewed the Joint Request, including the terms of settlement, and has decided to make a Final Award by Consent recording the terms of the final settlement agreed by the Parties, as requested by them in accordance with Article 26.9 of the LCIA Rules (the "**Consent Award**").

**THE SOLE ARBITRATOR HEREBY ISSUES THE FOLLOWING CONSENT AWARD IN THIS ARBITRATION:**

12. The Respondents are ordered jointly and severally to pay to the Claimant the sum of USD 2,190,063.00, which amount includes the Claimant's Legal Costs and Arbitration Costs with respect to this Arbitration.

13. The Respondents are ordered jointly and severally to pay to the Claimant post-award interest on the amount set out in paragraph 12 of this Consent Award at the simple rate of 18% per annum with "Actual/360" day count convention from the date of this Consent Award until the full payment of the amount set out in paragraph 12 of this Consent Award.

14. The Respondents are ordered to pay the amount set out in paragraph 12 of this Consent Award in instalments and by or on the dates set out in the schedule attached to this Consent Award (the "**Schedule**", each such date referred to herein as a "**Payment Date**") together with the post-award interest accrued in accordance with paragraph 13 of this Consent Award on each Payment Date. All payments made by the Respondents under this Consent Award shall be applied first to post-award interest accrued in accordance with paragraph 13 of this Consent Award, and second to the amount set out in paragraph 12 of this Consent Award. The Respondents are ordered to pay the relevant amounts by or on their respective Payment Dates to the following bank account of the Claimant (or any other account, notified by the Claimant to the Respondents):

    Beneficiary:   Norman Intertrade Ltd.

    IBAN:          CH42 0830 9000 0S11 6740 0

    Bank:          BANQUE SYZ SA, Quai des Bergues 1, 1201 Genève

    Bic / Swift:   SYCOCHGG

15. The Respondents are ordered jointly and severally to pay any additional Tribunal fees and expenses in the Arbitration and fees and expenses of the LCIA relating to the Arbitration to the extent that there is any shortfall in the funds held by the LCIA pursuant to Article 24 of the LCIA Rules. Insofar as the LCIA holds any excess funds in relation to the Arbitration, the Parties are ordered to instruct the LCIA to return any and all excess funds held by the LCIA to the Claimant. Any such excess funds received by the Claimant from the LCIA and credited to its bank account in USD shall be deemed credited as partial prepayment by the Respondents of the last instalment in accordance with the Schedule.

16. The Respondents are ordered to provide proof of each payment under this Consent Award to the Claimant on each Payment Date in the form of MT134 or other similar standard SWIFT report.

3

17. It is ordered that if the Respondents fail to pay any of the amounts due under this Consent Award by or on a Payment Date stated in the Schedule, their payment obligations under this Consent Award shall be accelerated, all amounts under this Consent Award shall become immediately due and payable, and the Claimant shall be entitled, without notice, demand or any other formalities, to enforce the entire remaining amount under paragraph 12 of this Consent Award and the post-award interest in accordance with paragraph 13 of this Consent Award in any jurisdiction.

18. The Arbitration is terminated from the date of this Consent Award.

Seat of Arbitration:  London, England

Date:  30 April 2021

*[signature: Patricia Peterson]*

**Patricia Peterson**

Sole Arbitrator

## Schedule to the Consent Award in LCIA case No. 204715 dated 30 April 2021[1]

| Payment Date | Outstanding amount under paragraph 12 of the Consent Award, Beginning of period, USD | Instalment due for payment, USD |
|---|---|---|
| 07.05.2021 | 2 190 063 | 57 000 |
| 06.06.2021 | 2 133 063 | 33 000 |
| 06.07.2021 | 2 100 063 | 33 000 |
| 05.08.2021 | 2 067 063 | 295 294 |
| 04.09.2021 | 1 771 769 | 295 294 |
| 04.10.2021 | 1 476 475 | 295 295 |
| 03.11.2021 | 1 181 180 | 295 295 |
| 03.12.2021 | 885 885 | 295 295 |
| 02.01.2022 | 590 590 | 295 295 |
| 01.02.2022 | 295 295 | 295 295 |
| **Total** | - | 2 190 063 |

Seat of arbitration: London, England

Date: 30 April 2021

_Patricia Peterson_

**Patricia Peterson**

Sole Arbitrator

---

[1] This Schedule does not include post-award interest accrued, which is to be calculated in accordance with paragraph 13 of this Consent Award.