GRANT P. FONDO (SBN 181530)
*GFondo@goodwinlaw.com*
**GOODWIN PROCTER LLP**
601 Marshall Street
Redwood City, California 94063
Tel.: +1 650 752 3100
Fax: +1 650 853 1038

HAYES P. HYDE (SBN 308031)
*HHyde@goodwinlaw.com*
**GOODWIN PROCTER LLP**
Three Embarcadero Center
San Francisco, California 94111
Tel.: +1 415 733 6000
Fax: +1 415 677-9041

Attorneys for Petitioner
NORMAN INTERTRADE LTD.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

NORMAN INTERTRADE LTD.,

Petitioner,

v.

BON-WOONG KOO; and THE ESTATE OF CHA-HONG KOO,

Respondents.

Case No. 4:24-cv-02422-HSG

**PETITIONER NORMAN INTERTRADE LTD.'S MOTION FOR SERVICE BY PUBLICATION**

Date: September 19, 2024
Time: 2:00 p.m.
Courtroom: 2 (4TH Floor)
Judge: Hon. Haywood S. Gilliam, Jr.

Petition filed: April 23, 2024

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on September 19, 2024 at 2:00 p.m., or as soon thereafter as this matter may be heard before the Honorable Judge Haywood Gilliam of the U.S. District Court, Northern District of California, Courtroom 2, 450 Golden Gate Avenue, San Francisco, California 94102, Plaintiff Norman Intertrade Ltd. ("Plaintiff") will move and hereby does move for an order authorizing service by publication for the following Defendant (collectively, the "Unserved Defendants"):

- BON-WOONG KOO, an individual; and
- THE ESTATE OF CHA-HONG KOO;

This Motion is based on this Notice; the Memorandum of Points and Authorities filed in support thereof; the Affidavit of Hayes P. Hyde in Support of Petitioner's Motion for Service by Publication; the Affidavit of Ellenor Rios in Support of Petitioner's Motion for Service by Publication; the Affidavit of Victoria Ababseh in Support of Petitioner's Motion for Service by Publication; the lodged [Proposed] Order; the documents and papers on file with the Court in this action; and such other oral and documentary evidence as may be presented at or before the hearing on this Motion.

Dated: August 12, 2024

**GOODWIN PROCTER LLP**

By: */s/ Hayes P. Hyde*
Grant P. Fondo
*GFondo@goodwinlaw.com*
Hayes P. Hyde
*HHyde@goodwinlaw.com*

Attorneys for Petitioner
NORMAN INTERTRADE LTD.

## MEMORANDUM OF POINTS AND AUTHORITIES

Pursuant to Rule 4(e)(1) of the Federal Rules of Civil Procedure, Petitioner Norman Intertrade Ltd. ("Petitioner" or "Norman Intertrade"), by and through its undersigned counsel, files its Motion for Service of Respondents Bon-Woong Koo and the Estate of Cha-Hong Koo ("Respondents") by Publication.

### I. STATEMENT OF FACTS

This case concerns Norman Intertrade's Unopposed Petition to Confirm Foreign Final Arbitration Award and Enter Judgement Thereon (the "Petition"). Dkt. No. 1-1. The arbitration between Norman Intertrade and Respondents culminated in the issuance of a Consent Award by sole arbitrator Patricia Peterson of LCIA Worldwide Arbitration and ADR over three years ago. Dkt. No. 1-2. at ¶ 1, Ex. 1.

Respondents have paid Norman Intertrade nine of the ten payments owed under the Consent Award. On February 1, 2022, the tenth payment of $295,295 was due and owing but Respondents failed to make the payment. Dkt. No. 1-2 at ¶¶ 5-6, Ex. 4 (notifying B. Koo of the delinquency), Ex. 5 (B. Koo acknowledging the debt). Respondents have still not made the tenth payment, and remain obligated to pay an outstanding principal amount of $215,613.79, plus applicable interest up to the date of payment based on a "simple rate of 18% per annum with 'Actual/360' day count convention."

Petitioner has made numerous attempts at service of process without success and hereby brings this Motion seeking leave to pursue service by publication. Respondent B. Koo is aware of the ongoing litigation and in fact communicated with undersigned counsel prior to the filing of this Petition to indicate non-opposition on behalf of himself and the estate of Cha-Hong Koo, for whom B. Koo acts as an administrator. Counsel for Petitioner has sent several emails to the address from which B. Koo has previously communicated. The email address is operative but B. Koo has not responded. As such, it appears B. Koo is actively evading service. In support of its Motion, Petitioner submits the Declarations of Hayes P. Hyde, Ellenor Rios and Victoria Ababseh, attached hereto as Exhibits A and B respectively.

Accordingly, Petitioner requests that this Court issue an order authorizing service by publication on Respondents and that the Court provide forty-five (45) days from the date of its order to accomplish service by publication.

## II. DILIGENCE REGARDING SERVICE

Norman Intertrade, through counsel, caused copies of the Petition, Summons, Rule 7.1 Disclosure Statement, and all ancillary filings on April 29, 2024 via email and certified mail.[1] Hyde Decl. ¶ 6. Counsel for Petitioner utilized the street address provided by B. Koo and the email address from which B. Koo had previously communicated his non-opposition to the Petition. Dkt. No. 1-2, Ex. 5. A public records search confirmed this was the listed address for B. Koo from 2015 to present. Hyde Decl. ¶ 6. No response was received. Counsel for Petitioner was unable to locate a phone number for B. Koo. Hyde Decl. ¶ 3.

On July 2, 2024, Petitioner's counsel engaged First Legal, Inc. ("First Legal") to attempt personal service of the Petition and ancillary documents on Respondents. Hyde Decl. ¶ 7. Attempts at personal service were made by First Legal employee Ellenor Rios on each of July 2, July 3 (twice), July 5, July 6, and July 7, 2024. Hyde Decl. ¶ 8, Exs. A and B. In each instance, there was no answer at the door.

First Legal employee Ellenor Rios arrived at the listed address of B. Koo at 5:01 p.m. on July 2, 2024. *See* Ex. A. No activity was observed and no one answered the door. *Id*. On July 3, 2024, Ms. Rios again attempted service at 8:29 a.m. but no cars were visible and no one answered the door. *Id*. Ms. Rios again attempted service on July 3, 2024 at 1:22 p.m.; there were two cars visible but no one answered the door. *Id*. Ms. Rios again attempted service on July 5, 2024 at 9:13 a.m.; July 6, 2024 at 5:38 p.m.; and July 7, 2024 at 8:03 a.m. Again, no cars were visible and no one answered the door. *Id*.

At 5 p.m. on July 13, 2024, First Legal employee Victoria Ababseh arrived at the listed address of B. Koo. Two vehicles were in the driveway, but there was no answer at the door and no movement in the home. Ms. Ababseh remained until 7 p.m. *See* Ex. B. At 6 p.m. on July 14, 2024,

---

[1] Bon-Woong Koo represented that he is the administrator of the Estate of Cha-Hong Koo. Declaration of Hayes P. Hyde in Support of Petitioner's Motion for Service by Publication ("Hyde Decl.") ¶ 3.

Ms. Ababseh returned to the same address. *Id*. No activity was observed and no one answered the door. Ms. Ababseh marked the tires of vehicles in the driveway. *Id*. The condition was unchanged when Ms. Ababseh left at 9 p.m. *Id*.

At 8:30 a.m. on July 15, 2024, Ms. Ababseh arrived at the home of B. Koo. No activity was observed and no one answered the door. Ms. Ababseh observed that the vehicles had not moved since she marked them. The condition was unchanged when Ms. Ababseh left at 11 a.m. At 7:30 p.m. on July 15, 2024, Ms. Ababseh again arrived at the home of B. Koo. No activity was observed and no one answered the door when she rang the bell at 9:30 p.m. The condition was unchanged when Ms. Ababseh left at 11AM.

On July 31, 2024 and again on August 2, 2024, Petitioner's counsel emailed B. Koo informing him of the Petition and requesting that B. Koo accept service, but she received no response. Hyde Decl. ¶ 9. On August 6, 2024, Petitioner's counsel called the phone number listed publicly for B. Koo but the number was out of service. *Id.* ¶ 10.

On August 7, 2024, Petitioner's counsel caused to be copies of the Petition, Summons, and all ancillary documents to be served on Mr. Miri Shahram, an attorney listed on the California Secretary of State website as a registered agent for Mr. B. Koo's business, Koo Enterprises, LLC. *Id.* ¶ 11. Counsel for Petitioner copied the email address Mr. Koo had previously corresponded through. Counsel for Petitioner requested Mr. Shahram accept service on behalf of Respondents. *Id.* Mr. Shahram informed Petitioner's counsel that he was not counsel for Respondents, nor did he know who current counsel was. *Id.,* Ex. C. Mr. Koo did not respond to the email communication. *Id.*

## III. LEGAL ARGUMENT

Rule 4(e)(1) of the Federal Rules of Civil Procedure provides that service may be effected pursuant to the law of the state in which the district court is located unless those being served are a minor, deemed "an incompetent person" or have submitted a waiver of service. Cal. Code Civ. Procedure § 415.50(a)(1) provides that,

> (a) A summons may be served by publication if upon affidavit it appears to the satisfaction of the court in which the action is pending that the party to be served cannot with reasonable diligence be served in another manner specified in this article

> and that . . .(1) A cause of action exists against the party upon whom service is to be made or he or she is a necessary or proper party to the action.

To Petitioner's knowledge, B. Koo is not a minor, nor is it possible for the Estate of Cha-Hong Koo to be a minor, and neither has been adjudicated as incompetent. Hyde Decl. ¶ 4. Counsel for Petitioner has offered each Respondent the opportunity to waive service, but they have not responded. Hyde Decl. ¶ 5.

California law requires that a party exercise "reasonable diligence" in attempting to serve a party before resorting to service by publication. *See, e.g., Sanford v. Smith*, 11 Cal.App.3d 991, 998-999, 1001 (1970). A court assesses reasonability by determining whether the plaintiff "took those steps a reasonable person who truly desired to give notice would have taken under the circumstances." *Donel, Inc. v. Badalian*, 87 Cal.App.3d 327, 333 (1978). Reasonable diligence "denotes a thorough, systematic investigation and inquiry conducted in good faith by the party or his agent or attorney." *Watts v. Crawford*, 10 Cal.4th 743, 749 n.5 (1995) (citation omitted).

As detailed in the affidavits attached as Exhibits A-C hereto, Petitioner has been unable to successfully serve Respondents despite several attempts by process servers Ellenor Rio and Victoria Ababseh. Counsel for Petitioner has likewise been unable to reach Respondents through communication channels by which they have previously reached Respondents.

California law also requires that a party seeking to serve by publication establish a cause of action exists against the party to be served. Petitioner "must offer independent evidentiary support, in the form of a sworn statement of facts, for the existence of a cause of action against the defendant." *Cummings v. Brantley Hale*, 2016 WL 4762208, at *2 (N.D. Cal. Sept. 13, 2016). "The declaration must be signed by someone with personal knowledge of the essential facts." *Id.* at *3. The Petition and exhibits attached thereto set forth the facts supporting a cause of action for confirmation of a foreign arbitration award. The arbitration between Norman Intertrade and Respondents culminated in the issuance of a Consent Award by sole arbitrator Patricia Peterson of LCIA Worldwide Arbitration and ADR over three years ago. Dkt. No. 1-2. at ¶ 1, Ex. 1.

Courts generally grant service by alternative methods, such as publication, where, as here, there is evidence that Respondent is evading service, courts. *See Miller v. Superior Court In & For*

*Los Angeles Cnty.*, 195 Cal.App.2d 779, 786 (1961). Indeed, courts have held that service by publication is appropriate in instances where the defendant had "actual notice" of the pending suit. *See, e.g. Felix v. Anderson*, No. 14-cv-03809-JCS, 2015 U.S. Dist. LEXIS 15515, at *3 (N.D. Cal. Feb. 9, 2015). Similar to *Felix*, counsel for Petitioner has utilized the same method of communication and home address provided by Respondent to provide the suit to Respondent but has received no response, indicating Respondents are aware of the suit but are evading service. Hyde Decl. ¶¶ 8,9. Thus, service by publication is appropriate.

FOR THESE REASONS, Plaintiff respectfully requests that this Court allow service upon Respondents by publication, and grant them 45 days to accomplish such service, along with such other and further relief as this Court deems just in these premises

Dated: August 12, 2024

**GOODWIN PROCTER LLP**

By: */s/ Hayes P. Hyde*

Grant P. Fondo
*GFondo@goodwinlaw.com*
Hayes P. Hyde
*HHyde@goodwinlaw.com*

Attorneys for Petitioner
NORMAN INTERTRADE LTD.

**PROOF OF SERVICE**

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is 601 S. Figueroa Street, Suite 4100, Los Angeles, California 90017.

On August 12, 2024, I caused to be served the following document(s) on the person(s) below:

PETITIONER NORMAN INTERTRADE LTD.'S MOTION FOR SERVICE BY PUBLICATION

DECLARATION OF HAYES HYDE IN SUPPORT OF PETITIONER NORMAN INTERTRADE LTD.'S MOTION FOR SERVICE BY PUBLICATION

[PROPOSED] ORDER

Mr. Bon-Woong Koo
243 Angela Drive
Los Altos, CA 94022

Estate of Mr. Cha-Hong Koo
243 Angela Drive
Los Altos, CA 94022

Respondents
*Bon-Woong Koo; And The Estate Of Cha-Hong Koo*

The documents were served by the following means:

☒ (MAIL). By United States mail. I enclosed the documents in a sealed envelope or package addressed to the persons at the addresses listed and placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with this business's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

☒ (E-MAIL or ELECTRONIC TRANSMISSION). By electronic service on July 2, 2024. My electronic service address is *KTien@goodwinlaw.com*. Based on a court order or an agreement of the parties to accept electronic service, I caused the document(s) to be sent to the person(s) at the electronic service address(es) listed above.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on August 12, 2024 at Los Angeles, California.

| Kane Tien | *Kane Tien* |
|---|---|
| (Type or print name) | (Signature) |