UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NORMAN INTERTRADE LTD., <br> Plaintiff, <br> v. <br> BON-WOONG KOO, et al., <br> Defendants. | Case No. 24-cv-02422-HSG <br><br> **ORDER GRANTING PETITION TO CONFIRM ARBITRATION AWARD** <br><br> Re: Dkt. No. 1 |

Pending before the Court is an unopposed petition to confirm final foreign arbitration award, filed by Norman Intertrade Ltd. ("Norman Intertrade"), Dkt. No. 1 ("Pet."). The Court finds this matter appropriate for disposition without oral argument and the matter is deemed submitted. *See* Civil L.R. 7-1(b). For the reasons discussed below, the Court **GRANTS** the petition to confirm the arbitration award.

## I. BACKGROUND

In April 2020, Petitioner Norman Intertrade and Respondents Bon-Woong Koo and the estate of Cha-Hong Koo (the "Koo Parties") entered international arbitration to resolve a dispute concerning a promissory loan and a deed of guarantee and indemnity. Pet. at 5. One year later, the arbitrator issued a consent award. Under the terms of that award, the Koo Parties were directed to pay $2,190,063 to Norman Intertrade in scheduled installments. *Id*. The Koo Parties completed the first nine installment payments. *Id.* at 6. When the Koo Parties did not complete the final $295,295 payment, Norman Intertrade filed this petition and asked the Court to confirm the consent award under 9 U.S.C. § 207.

The Koo Parties have not appeared in this matter. According to Norman Intertrade's representations, however, the "Koo Parties have fully acknowledged they owe this tenth payment"

1    and "[t]he Koo Parties do not oppose the confirmation of the Consent Award." Dkt. No. 1-1 at 5;

2    *see* Dkt. Nos. 1-2 at ¶9, 1-8. In March 2025, in light of the Koo Parties' failure to appear, Norman

3    Intertrade filed a motion for default judgment under Rule 55(b)(2) of the Federal Rules of Civil

4    Procedure. Dkt. No. 40 ("Mot."). As set forth in that motion, Norman Intertrade seeks

5    $456,8077.66, which consists of (1) the consent award principle of $215,613.79, (2) $126,026.00

6    in interest on the consent award principle, and (3) $115,167.87 in attorneys' fees and costs. Mot.

7    at 18.

## II.   LEGAL STANDARD

"Congress enacted Chapter Two of the Federal Arbitration Act ("FAA"), *see* 9 U.S.C. §§ 201–208, to provide for the effective and efficient resolution of international arbitral disputes after the United States entered into the United Nations Convention on the Recognition and Enforcement of Foreign Arbitral Awards (New York, June 1958) ('the New York Convention' or 'Convention')." *Day v. Orrick, Herrington & Sutcliffe, LLP*, 42 F.4th 1131, 1133 (9th Cir. 2022). A foreign arbitration agreement or award "falls under" the New York Convention if it "aris[es] out of a legal relationship, whether contractual or not, which is considered as commercial" unless that relationship is "entirely between United States citizens." 9 U.S.C. § 202. "[A] party to a foreign arbitration may apply to federal district court 'for an order confirming the award as against any other party to the arbitration.' The district court has little discretion: '[t]he court *shall* confirm the award unless it finds one of the grounds for refusal or deferral of recognition or enforcement of the award specified in the [New York] Convention.'" *Ministry of Def. of the Islamic Republic of Iran v. Gould, Inc.*, 969 F.2d 764, 770 (9th Cir. 1992) (quoting 9 U.S.C. § 207) (emphasis in original). Article V of the New York Convention enumerates seven reasons why a court might refuse to recognize or enforce a foreign arbitration award. *Id.* These seven defenses "are construed narrowly, and the party opposing recognition or enforcement bears the burden of establishing that a defense applies." *Ministry of Def. & Support for the Armed Forces of the Islamic Republic of Iran v. Cubic Def. Sys., Inc.*, 665 F.3d 1091, 1096 (9th Cir. 2011). "A court must confirm a foreign arbitral award unless the party resisting enforcement meets its 'substantial' burden of proving one of seven narrowly interpreted defenses." *Castro v. Tri Marine Fish Co. LLC*, 921

United States District Court
Northern District of California

F.3d 766, 773 (9th Cir. 2019).

## III. DISCUSSION

The consent award at issue here was entered between the Koo Parties, who are citizens of Korea, and Norman Intertrade, which is a company registered in the British Virgin Islands. Dkt. No. 1-1 at 3. Accordingly, the award falls under the New York Convention. *See* 9 U.S.C. § 202. Since the Koo Parties do not oppose the motion, they have not met their substantial burden to show that a defense applies. Accordingly, the Court confirms the award under the New York Convention. *See China Nat'l Metal Prods. Import/Export Co. v. Apex Digital, Inc.,* 379 F.3d 796, 799–800 (9th Cir. 2004) ("Our review of a foreign arbitration award is quite circumscribed. Rather than review the merits of the underlying arbitration, we review de novo only whether the party established a defense under the Convention.").

## IV. CONCLUSION

The Court GRANTS the Petition to Confirm the Final Arbitration Award, Dkt. No. 1. Norman Intertrade also asks the Court to enter default judgment, Dkt. No. 40. The Court DEFERS ruling on that motion until Norman Intertrade provides additional information concerning its billing records. Norman Intertrade requests $108,608.50 in attorneys' fees for 93.7 hours of work on this matter. Norman Intertrade's billing records indicate that associate attorneys charged more than $1,000 per hour and that attorneys billed several hours of work on issues like "develop[ing] key arguments to defend motion for service by publication" even though said motion was unopposed. Dkt. No. 39-4.[1] Furthermore, Norman Intertrade states that "similarly situated firms in the Northern District of California charge substantially similar amounts for comparable international arbitration enforcement matters," but it provides no citations listing these matters. The Court therefore DIRECTS Norman Intertrade to file a statement within 14 days of this order that contains the following: (1) citations to similar unopposed foreign arbitration award matters, the billable hour total and attorneys' rates in those matters, and the final attorneys' fees

---

[1] Similarly, attorneys (rather than paralegals) appeared to bill 1.4 hours ($1,645) to "[p]repar[e] exhibits for filing and finaliz[e] declaration for filing." Dkt. No. 39-4. Such figures might well appear unreasonable to a paying client.

3

awarded, (2) a further, detailed explanation of the Norman Intertrade attorneys' work in this case, including why that work was not duplicative, and (3) any proposed revisions to the pending attorneys' fee request.

**IT IS SO ORDERED.**

Dated:  3/24/2025

_____
HAYWOOD S. GILLIAM, JR.
United States District Judge